PETERS, Judge ad hoc.
This is an appeal from a judgment denying plaintiff’s claim for workmen’s compensation benefits. The trial^ court held that plaintiff failed to show by a preponderance of the evidence that he was injured in an accident arising out of and in the course of his employment. We affirm.
It is undisputed that plaintiff is suffering from myositis ossificans, a calcification that forms when blood from a bruise is not reabsorbed by the body. The calcium deposit is located near plaintiff’s hip. Plaintiff alleges he received the bruise that led to the myositis ossificans in an accident that occurred while he was working for defendant’s insured. The alleged accident occurred while plaintiff was working with Alvin Aclise, another employee of defendant’s insured. Plaintiff and Aclise were the only witnesses to the alleged accident.
Plaintiff testified he and Aclise were loading a cattle trough onto a three-quarter ton truck when Aclise pushed the trough into plaintiff’s body causing the injury. He said that he was standing in the bed of the truck attempting to lift the front of the trough onto the roof of the truck’s cab when Aclise, who was standing on the ground, pushed the other end of the trough, causing the trough to strike plaintiff.
Aclise admitted he and plaintiff had loaded a cattle trough onto a truck on the day in question but denied that plaintiff was ever struck by the trough. He said that he put the front of the trough on top of the cab while plaintiff pushed the trough from the rear. He further testified that plaintiff had complained of feeling pain in his side the day before the alleged accident.
The trial judge observed plaintiff and Aclise when they testified and was therefore in the best position to determine the credibility of each of these witnesses. He apparently was convinced by the testimony of Aclise that plaintiff was not injured while working for defendant’s insured. We cannot find any manifest error in his decision and therefore affirm.
All costs in this court and in the court below are to be paid by plaintiff-appellant.
Affirmed.